IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREEM BURTON, SHANNON WALLACE, GEORGE WHITE, TROY JORDAN, and JOSEPH LANDHEART, CHARLES WOODS, and JOHN DIXON, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| JHE LANDSCAPES, INC. d/b/a TEXAS LANDSCAPE COMPANY, | § § § § | CIVIL ACTION NO. 4:17-cv-00464 |
| Defendant. | § § § § § | JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Kareem Burton ("Burton"), Shannon Wallace ("Wallace"), George White ("White"), Troy Jordan ("Jordan"), Joseph Landheart ("Landheart"), Charles Woods ("Woods"), and John Dixon bring this complaint against Defendants JHE Landscapes, Inc. d/b/a Texas Landscape Company.

### I. INTRODUCTION

1. Plaintiff demands a JURY TRIAL in this case as to any and all issues triable to a jury.

2. Defendants violated 42 U.S.C. §1981. Accordingly, Plaintiffs bring this action to recover, among other things, economic, compensatory and punitive damages, attorney's fees, expert witness fees, taxable court costs, expenses, and pre-judgment and post-judgment interest.

### II. THE PARTIES

3. Plaintiff Burton is an individual and former employee of Defendants.

4. Plaintiff Wallace is an individual and former employee of Defendants.

5. Plaintiff White is an individual and former employee of Defendants.

6. Plaintiff Jordan is an individual and former employee of Defendants.

7. Plaintiff Landheart is an individual and former employee of Defendants.

8. Plaintiff Woods is an individual and former employee of Defendants.

9. Plaintiff Dixon is an individual and former employee of Defendants.

10. Defendant JHE Landscapes, Inc. d/b/a Texas Landscape Company is a Texas for-profit corporation that is headquartered in Houston, Harris County, Texas, and is within the jurisdiction of this Court. This Defendant may be served with summons and process through its registered agent, Jonathan Howell Edwards, at 8101 Hempstead Road Houston, TX 77008, or wherever the agent may be found.

### III. JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, and specifically, under the United States Constitution, particularly the Fourteenth Amendment and the subsequent remedial legislation enacted pursuant thereto, as codified at 42 U.S.C. §§ 1981, 1988 and 2000(e), et. seq.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant's acts and omissions that give rise to Plaintiffs' claims were committed in the Southern District of Texas.

13. Accordingly, this Court possesses jurisdiction under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 1981, 1988 and 2000(e), *et. seq*.

### IV. FACTS

14. Plaintiff Burton worked for Defendants between approximately October 2015 and March 2016. Defendants employed Burton in the capacity of Landscaper and, ultimately, terminated his employment because of his race.

15. Plaintiff Wallace worked for Defendants from June 2015 until January 2016. Defendants employed Wallace in the capacity of Landscaper and, ultimately, terminated his employment because of his race.

16. Plaintiff White worked for Defendants between approximately September 2015 and May 2016. Defendants employed White in the capacity of Mower and, ultimately, terminated his employment because of his race.

17. Plaintiff Jordan worked for Defendants between approximately July 2015 and December 2015. Defendants employed Jordan in the capacity of Landscaper and, ultimately, terminated his employment because of his race.

18. Plaintiff Landheart worked for Defendants between approximately December 2015 and November 2016. Defendants employed Landheart in the capacity of Mower and, ultimately, terminated his employment because of his race.

19. Plaintiff Woods worked for Defendants between approximately August 2014 and June 2015. Defendants employed Woods in the capacity of Mower and, ultimately, terminated his employment because of his race r.

20. Plaintiff Dixon worked for Defendants between approximately February 2015 and March 2015. Defendants employed Dixon in the capacity of Mower and, ultimately, terminated his employment because of his race.

21. Mike Howell supervised each of the Plaintiffs. Howell routinely called the Plaintiffs and others "nigger" or "niggers."

22. For example, Howell brought Plaintiffs and others to his family's house and told his family members "look at all these niggers I have working for me," the implication of which being that he was the slave master and they were his slaves. Additionally, Howell frequently stated that all African-American and/or black people were felons so he could treat them badly and get away with it.

23. Defendant also denied Plaintiffs access to water despite the fact that they worked outside in the heat for 10 or more consecutive hours. In so doing, Howell stated that he was entitled to treat Plaintiffs in this way because he could own them. Ultimately, Howell terminated Plaintiffs' employment for complaining about and opposing his discriminatory and harassing treatment.

## V. CAUSE OF ACTION: 42 U.S.C. § 1981

24. Plaintiffs incorporate by reference all preceding facts in Paragraphs 1-21.

25. Defendant intentionally engaged in race-based discriminatory and harassing practices, policies, customs and usages made unlawful by 42 U.S.C. § 1981.

26. Plaintiff Burton was (1) a member of a racial minority; (2) there was an intent to discriminate against him on the basis of race by Defendant; and (3) the discrimination concerns one or more of the activities enumerated in § 1981.

27. Plaintiff Wallace was (1) a member of a racial minority; (2) there was an intent to discriminate against him on the basis of race by Defendant; and (3) the discrimination concerns one or more of the activities enumerated in § 1981.

28. Plaintiff White was (1) a member of a racial minority; (2) there was an intent to discriminate against him on the basis of race by Defendant; and (3) the discrimination concerns one or more of the activities enumerated in § 1981.

29. Plaintiff Jordan was (1) a member of a racial minority; (2) there was an intent to discriminate against him on the basis of race by Defendant; and (3) the discrimination concerns one or more of the activities enumerated in § 1981.

30. Plaintiff Landheart was (1) a member of a racial minority; (2) there was an intent to discriminate against him on the basis of race by Defendant; and (3) the discrimination concerns one or more of the activities enumerated in § 1981.

31. Plaintiff Woods was (1) a member of a racial minority; (2) there was an intent to

discriminate against him on the basis of race by Defendant; and (3) the discrimination concerns one or more of the activities enumerated in § 1981.

32. Plaintiff Dixon was (1) a member of a racial minority; (2) there was an intent to discriminate against him on the basis of race by Defendant; and (3) the discrimination concerns one or more of the activities enumerated in § 1981.

33. Defendant has maintained a policy of discrimination in the workforce, a hostile and discriminatory and retaliatory work environment, and an employment pattern or practice of intentional discrimination against African Americans, in violation of the foregoing statutes.

## VI. DAMAGES

34. As a direct and proximate result of Defendant's conduct, Plaintiffs Kareem Burton, Shannon Wallace, George White, Troy Jordan, Joseph Landheart, Charles Woods, and John Dixon have suffered the following damages:

   a. Lost wages in the past and future;
   b. Lost health insurance and related benefits in the past and future;
   c. Loss of pension or retirement benefits;
   d. Emotional suffering in the past and future; and
   e. Loss of life or enjoyment of life.

35. Plaintiffs Kareem Burton, Shannon Wallace, George White, Troy Jordan, Joseph Landheart, Charles Woods, and John Dixon have mitigated their damages.

36. Plaintiffs seek all economic and compensatory relief to which they may show themselves justly entitled.

## VII. ATTORNEY'S FEES

37. Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiffs and has necessitated Plaintiffs retaining the services of SHELLIST | LAZARZ | SLOBIN LLP, 11 Greenway Plaza, Suite 1515, Houston, Texas 77046 to initiate and prosecute

the above claims. Plaintiffs seek recovery of reasonable and necessary attorneys' fees under Title VII, 42 U.S.C. §2000e-5(k), as well as 42 U.S.C. § 1988, and another applicable law or statute.

## VIII. PRAYER

32. WHEREFORE, PREMISES CONSIDERED, Plaintiffs Kareem Burton, Shannon Wallace, George White, Troy Jordan, Joseph Landheart, Charles Woods, and John Dixon respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

 a. General damages for Defendant's violations of 42 U.S.C. §§ 1981;
 b. Pre-judgment interest at the highest legal rate;
 c. Post-judgment interest at the highest legal rate until paid;
 d. Back pay;
 e. Front pay;
 f. Compensation for any and all future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of life or enjoyment of life, and other non-pecuniary losses;
 g. Damages for mental pain and mental anguish;
 h. Punitive damages;
 i. Liquidated damages, to the extent permitted at law;
 j. Attorneys' fees;
 k. All costs of court expended herein.

Respectfully submitted,

**SHELLIST | LAZARZ | SLOBIN LLP**

By: */s/ Mark G. Lazarz*
    MARK G. LAZARZ
    State Bar No. 12069100
    Federal ID No.12105
    mlazarz@eeoc.net
    BRIAN J. LEVY
    State Bar No. 24067728
    Federal ID No. 1109283
    blevy@eeoc.net
    11 Greenway Plaza, Suite 1515
    Houston, Texas 77046
    Telephone: (713) 621-2277
    Facsimile: (713) 621-0993

    **ATTORNEYS FOR PLAINTIFFS**
    **AND MEMBERS OF THE CLASS**